MARIAM PELIGIAN *vs.* HOVANES HOVANESIAN.
YEGSA MANOOKIAN *vs.* HOVANES HOVANESIAN.

JANUARY 8, 1959.

PRESENT: Roberts, Paolino and Powers, JJ.

POWERS, J. These are actions of trespass on the case for negligence. They were tried together before a justice of the superior court sitting with a jury and resulted in a directed verdict for the defendant in each case. Each case is before us solely on the plaintiff's exception to the granting of defendant's motion for a directed verdict.

The pertinent facts disclose that the defendant was the owner of a Chevrolet automobile which on January 18, 1953 was involved in an accident on an icy highway in the town of Charlton, Massachusetts. The occupants of the car were the defendant, his brother-in-law Bogos Peligian, who at the time of the accident was driving, and the plaintiffs who were the sister and mother respectively of defendant.

The group was returning to Pawtucket after visiting relatives in Hartford, Connecticut, when about 9 or 9:30 p.m.

the car negotiated a curve in the highway, struck the icy surface, went out of control, turned over two or three times and came to rest upright. The plaintiffs were severely injured and after receiving first aid from a doctor residing near the scene of the accident were driven to Providence where they later had X rays taken at the Rhode Island Hospital.

The operator of the car testified that he had been driving for better than an hour; that there was a haze in the air; that there were "dabs of ice" and "blotches of ice" of various sizes on the highway; and that this was the condition of the highway in the vicinity of the accident. He further testified that just before the accident he was operating at a speed of approximately 49 miles an hour; that he thought it was a tar road of two lanes or so; and that although he noticed icy spots on the road he did not diminish his speed below 40 miles an hour at any time. He further admitted that he was not aware of the speed limits in the area.

The defendant testified that on leaving Hartford he was at the wheel of the car; that he drove at a low rate of speed because of the hazardous condition of the highway; that when he was twenty or twenty-five miles out of the city he entrusted the driving to his brother-in-law Bogos Peligian because he, defendant, was tired; that at the place where he turned the wheel over to his brother-in-law there were icy spots on the road; and that shortly after relinquishing the wheel to Peligian he fell asleep and did not awaken until the accident. He further testified that the accident occurred after the car had completed a curve of 45 degrees in the road and struck a condition on the highway which he characterized as "one plate of glass," and that these conditions were observed by him after the accident. He also testified that "the road conditions isn't what you call real good driving conditions"; that he did not be-

lieve 40 miles an hour to be a low rate of speed; and that from the scene of the accident to his sister's home in Providence it "was no driving condition as far as roads were concerned."

It is conceded by plaintiffs that they were riding as guests of defendant and as such under Massachusetts law must prove gross negligence if they are to recover in this action. For his part, defendant does not question the relationship of principal and agent between himself and the operator.

The sole issue presented for our consideration is whether the trial justice erred in directing verdicts for defendant or in the alternative whether there was evidence, viewed in the light most favorable to plaintiffs, from which the jury could find that the conduct of the operator, acting as the servant or agent of defendant, amounted to gross negligence. It is apparent from the transcript that the trial justice made his rulings on the basis of the Massachusetts decisions in *Adamian* v. *Messerlian*, 292 Mass. 275, and *Belina* v. *Pelczarski*, 333 Mass. 730. We are of the opinion that the decisions of this court in *Powers* v. *Goodwin*, 58 R. I. 372, and *Kennedy* v. *Lenzine*, 76 R. I. 231, are controlling.

In *Powers* v. *Goodwin* the facts were not markedly dissimilar from those in the cases at bar. There the defendant was operating his car during the daytime in the month of December on an icy highway in Gardner, Massachusetts, and the plaintiff was injured. The testimony was conflicting as to the exact condition of the highway and the manner in which the defendant was driving. This court held that the question of gross negligence is one for the jury, and at page 377 stated: "We are of the opinion that there was sufficient evidence submitted on behalf of the plaintiff, on the question of the defendant's negligence, to require that such issue be submitted to the jury, under proper instructions from the trial court relative to the requirements of the law of Massachusetts on that point."

In *Kennedy* v. *Lenzine, supra,* the plaintiff, who was a

guest passenger in the automobile of the defendant, was injured in an accident which occurred in the town of Rehoboth, Massachusetts. If the testimony in that case were to be believed it would appear that defendant was operating his car more to the center of the highway than on the right side where it belonged, and around a curve at a spot where the foliage on the left side of the highway obstructed his view of cars approaching from the opposite direction. The defendant's car collided head on with another car traveling in the opposite direction with resulting injuries to the plaintiff. The trial justice, however, granted the defendant's motion for a nonsuit.

In the *Kennedy* case at page 237 the court held "that there was some evidence, if considered most favorably to the plaintiff, from which the jury could determine that the defendant was guilty of gross negligence under proper instructions by the trial justice as to what constitutes gross negligence according to the Massachusetts law; and therefore that the trial justice was in error in deciding at the conclusion of the plaintiff's case that there was no evidence whatever tending to show gross negligence on the part of the defendant."

The cases at bar are somewhat unusual in that there was no probative testimony adduced by plaintiffs as to the negligence of the operator. There were, however, numerous and substantially damaging admissions by both the defendant and the operator from which it could reasonably be inferred that such operator, in driving during the night at a rate of speed not warranted by the conditions of the highway, was voluntarily incurring on behalf of himself and his passengers the risk of obviously grave danger. These admissions and the manner in which they were made come to us from the cold record, and the opportunity which the trial justice had to observe the witnesses is unavailable to us. Nevertheless we are of the opinion that in giving his decision in which he stated: "And if ordinary negligence

were involved here it would be sufficient for this case to go to you and for you to decide whether or not the defendant was guilty of negligence," the trial justice should have submitted the cases to the jury with proper instructions as to the nature of gross negligence.

The plaintiff's exception in each case is sustained, and each case is remitted to the superior court for a new trial.

*William R. Goldberg, Ronald R. Gagnon,* for plaintiffs.

*James J. Corrigan, Leroy V. Marcotte,* for defendant.